IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAQUAN EADDY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:24-CV-183-O |
| | § | (NO. 4:22-CR-039-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Jaquan Eaddy under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the Court concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects as follows:

On February 9, 2022, Movant was named in a two-count indictment charging him in each count with interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a). CR ECF No.[1] 1. Movant initially entered a plea of not guilty. CR ECF No. 8. About two weeks before trial was set, Movant's counsel filed a motion to withdraw, citing among other things Movant's refusal to supply counsel with the names of witnesses Movant said would testify on his behalf at trial. CR ECF No. 16. At the hearing on the motion to withdraw, counsel explained in detail what the problems were and Movant stated that he would prefer to represent himself. CR ECF No. 53. The

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-CR-039-O.

motion to withdraw was granted and counsel was appointed to stand by to assist Movant as needed. *Id.* One day later, while representing himself, Movant signed a factual resume, CR ECF No. 24, and a plea agreement. CR ECF No. 25. The factual resume set forth the elements of the offense charged in count one of the indictment, the penalty Movant faced, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 24. The plea agreement set forth the penalties Movant faced, the Court's sentencing discretion (including that Movant would not be allowed to withdraw his plea if the sentence was higher than expected), Movant's waiver of the right to appeal or otherwise challenge the sentence except in certain limited circumstances, and that the plea was freely and voluntarily made and not the result of force, threats, or promises. CR ECF No. 25. At rearraignment, Movant told the Court that although he had stricken counsel's name and role from the plea agreement, he had been consulting counsel and now wanted counsel to represent him again. CR ECF No. 50 at 4. Under oath, Movant testified that: he and counsel had discussed how the guidelines might apply in his case; he understood that the sentence would be wholly within the Court's discretion; he understood the essential elements of the offense to which he was pleading guilty and he committed each one; he had had sufficient time to discuss the case and charges with counsel; he was satisfied with counsel; he understood all of the information contained in the plea agreement and that he was waiving his right to appeal or otherwise contest the sentence; he understood the range of punishment he faced; he had no questions about the plea agreement; no promise or assurance of any kind had been made to induce him to plead guilty; he read and understood the factual resume before signing it and the stipulated facts were true and correct. *Id.* at 10–21.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's total offense level was 26. CR ECF No. 29, ¶ 39. Based on a criminal history category of VI, his guideline imprisonment range was 120 to 150 months. *Id.* ¶ 107. Thereafter, Movant, purporting to proceed *pro se*, filed a motion challenging the constitutionality of 18 U.S.C. § 1951. CR ECF No. 33. And he filed a motion to replace existing defense counsel and to withdraw his plea agreement. CR ECF No. 34. Counsel then filed a second motion to withdraw, reciting among other things that Movant wanted to withdraw his plea because he was dissatisfied with the PSR. CR ECF No. 35. At sentencing, counsel explained the history of the proceedings with regard to his representation of Movant, that Movant wanted to withdraw his plea because the guideline range was too high, and that counsel did not believe there were any grounds to support withdrawal of the plea and refused to file a frivolous motion. CR ECF No. 51 at 3–6. Movant decided to proceed with counsel representing him at sentencing. *Id.* at 7. After being admonished, Movant stated the reasons he wanted to withdraw his plea. *Id.* at 6–9. The Court denied the motion. *Id.* at 12–16. At allocution, Movant simply noted his rough life, apologized, and said that he accepted any range of punishment. *Id.* at 18. The Court sentenced Movant to a term of imprisonment of 175 months. *Id.* at 19; CR ECF No. 40. Movant appealed, CR ECF No. 44, despite having waived the right to do so. CR ECF No. 25, ¶ 11. Counsel was allowed to withdraw and another attorney was appointed to represent Movant on appeal. CR ECF Nos. 45, 46. The United States Court of Appeals for the Fifth Circuit affirmed, concluding that Movant failed to carry his burden of showing that the district court erred in denying the motion to withdraw the plea. *United States v. Eaddy*, No. 22-10819, 2023 WL 3391475 (5th Cir. May 11, 2023).

## II.     GROUND OF THE MOTION

Movant alleges that he received ineffective assistance because counsel abandoned him during the plea hearing "to the point of it becoming a conflict of interest." ECF No.[2] 1 at 13.[3]

## III.    APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew*

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number reference is to "Page __ of 17" reflected at the top right portion of the document on the Court's electronic filing system and is used because Movant has attached additional pages to the form motion.

*v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV. ANALYSIS

As best the Court can tell, the gist of Movant's argument is that his counsel had a conflict of interest, but he never explains what the conflict was. His allegations are wholly conclusory and do not show that counsel's performance was defective in any respect, much less that he was harmed

as a result. A defendant who elects to proceed *pro se* cannot thereafter complain that the quality of his own defense. *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

To show a Sixth Amendment violation, Movant has to show that his attorney acted under the influence of an actual conflict and that such conflict adversely affected Movant's representation. *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007). A theoretical or speculative conflict is not enough; Movant must show that counsel was required to make a choice advancing his own interests or the interests of his other client to movant's detriment. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); *Beets v. Scott*, 65 F.3d 1258, 1277 (5th Cir. 1995) (en banc). If counsel did not make a choice, the conflict remains hypothetical. *Garcia-Jasso*, 472 F.3d at 243.

The only "conflict" the Court can discern from the motion is that counsel refused to file a motion to withdraw Movant's plea. ECF No. 1 at 15. For all the reasons discussed at the sentencing hearing, CR ECF No. 51, and in the Fifth Circuit's opinion, 2023 WL 3391475, Movant did not have a right to withdraw his plea. Counsel cannot have been ineffective or have suffered from a conflict as a result of the refusal to file a frivolous motion. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

To the extent Movant is complaining that a different attorney was not appointed as stand-by counsel or that the same attorney continued to represent him after he decided not to proceed *pro se* any more, that matter is procedurally defaulted. *Shaid*, 937 F.2d at 231. Movant cannot establish cause and prejudice as he was represented by a different attorney on appeal. *Id.* at 232.

6

Inasmuch as there was no actual conflict of interest, this is not a matter of constitutional significance in any event. *Capua*, 656 F.2d at 1037.

Finally, the record reflects that Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant has made no attempt to show that he would not have pleaded guilty but for his counsel's conduct. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **11th day** of **July, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE